In the matter of the probate of the alleged will of SAMUEL M. BRAUNSTEIN, deceased.

[Argued February 7th, 1934. Decided April 12th, 1934.]

On appeal from a decree of the New Jersey prerogative court advised by Vice-Ordinary Sooy, who filed the following opinion:

"This is an appeal from an order of the orphans court of Atlantic county, which order purports to have been made under the authority of section 22 of the Orphans Court act. *3 Comp. Stat. p. 3819 § 22.*

"There are six grounds for reversal. The first attacks the constitutionality of the Orphans Court act, and is without merit.

"The second ground is: 'The statute invoked does not empower the orphans court to make the order made.'

"Inasmuch as the act distinctly empowers either the ordinary, 'or the judge of the orphans court in the county where such paper is probated,' to make the order therein provided for, there is no merit to this point.

"The third ground is: 'The petitioner is not entitled to the benefit of the statute.'

"The petitioner in this case is the next friend of a grandchild of the deceased and the statute provides that the petition may be filed by 'any child or children of the deceased, or by any child or children of any deceased child or children

of the deceased (and if any such child or children be within the age of twenty-one years, then by the next friend of such child or children).' The minor child being the child of a deceased son of the decedent, is clearly entitled to have the petition filed in its behalf, as is done in this case.

"The next ground for reversal is: 'The amount allowed by the order is unreasonable and excessive.'

"There is nothing before me to substantiate this reasoning, and unless I am to assume the amount granted by the orphans court to be unreasonable, the order must stand. There is no justification for any such assumption on my part.

"The next ground for reversal is: 'The petition is defective in not stating with particularity the facts which justify the issuance of the order.'

"There is no merit in this contention, because the petition clearly states the facts upon which the order is based, which facts, as stated by the petition, justified the order made.

"The last reason advanced for reversal is: 'The evidence adduced did not warrant the making of the order.'

"I find that it did."

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Silzer & Stern* and *Mr. Emerson L. Richards,* for the respondent.

PER CURIAM.

The appellant makes four points on appeal, namely, (1) the act does not apply to the facts in the instant case; (2) the amount of the allowance is unreasonable and excessive; (3) a fair reading of the statute does not justify an order in advance; (4) the grand-daughter is not within the provisions of the statute; of which the first, in so far as it was presented below, is within the sixth reason mentioned in the opinion of the vice-ordinary; the second is the fourth reason below; the third is embraced within the second reason below and the fourth is the third reason below.

The order appealed from is affirmed, for the reasons given by the vice-ordinary on the points mentioned.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.