This appeal has to do with a construction of a provision of our Orphans Court act (R.S. 3:2-29). The question turns upon what the statute requires before the Probate Court may make an order, pending probate or contest of a will, allowing a sum from the estate "to meet the expenses incurred or to be incurred in conducting such contest concerning the probate of such will." The Prerogative Court dismissed an appeal from such an order made in the Orphans Court of Atlantic county. With the Orphans Court or its clerk, the surrogate, a caveat was lodged by Anna E. Greenstone against probate of the will of her late husband, Joseph Greenstone. Counsel for the caveatrix gave notice that application would be made to the Orphans Court "for an order based on the petition for allowance to widow pending probate of will." The petition of Mrs. Greenstone asserted that she was "lawfully married in a ceremonial manner" to the decedent; that no children were born to them; that the testator died April 3d 1940; that she had filed a caveat; that the deceased had left a considerable estate, specifying its amount and kind; that under the terms of testator's will she is provided with a *Page 593 
money allowance, which is inadequate for her maintenance, and that she has reason to believe "that she can successfully show * * * that the decedent (when the will was made) was not in such condition that he was able to make a proper will and * * * that undue influence was used by diverse persons in causing the said Joseph Greenstone to execute the alleged will which he did execute." The petition concludes with a prayer that the court make such allowance to the petitioner as may be deemed reasonable for her support and maintenance and that she be allowed such expenses and counsel fees "which may be necessary to be incurred in conducting the contest against the probate of the will," c. In the record before us, under the heading "Minutes of the Court," it appears that the proctors for the petitioner and the proctors for the executors and trustees attended the judge of the Orphans Court in his chambers. Probably discussion ensued, as the briefs assert. The minutes, however, reveal neither discussion nor testimony. An order was made in the Orphans Court directing the administrator pendente lite to pay Mrs. Greenstone the sum of $35 a week "for her maintenance and support commencing with the third day of April, 1940," and that there be paid to her proctors, Mr. Liberman and Mr. Wolverton, "jointly the sum of $2,000 for necessary expenses and for counsel fee in the conduct and prosecution of the caveat against the last will and testament of the said Joseph Greenstone."
The executors and trustees appealed from that part of the order embracing expenses and counsel fees. That part of the order allowing maintenance money to the widow was not challenged. In the Prerogative Court the learned Vice-Ordinary "dismissed" this appeal. It was probably intended that there should be an "affirmance" of the order under appeal rather than a "dismissal." At any rate, the Orphans Court was affirmed.
The statute upon which reliance is placed (R.S. 3:2-29) provides as follows:
"In all cases where any contest has arisen or shall arise in any court of this state touching the probate of any paper purporting to be the last will and testament of any person, the ordinary, or the *Page 594 
judge of the orphans court where such paper is probated, may, upon petition made for that purpose by the widow of the decedent, by any of his children, or by any children of any deceased children of the decedent, or by the next friend of any child above-mentioned, if such child be under twenty-one years of age, make an order upon the person having the custody of the estate of such person for the payment, pending the contest over the probate of the will, out of the income of the estate of the decedent, of such allowance for the support and maintenance of such widow or child or children as the ordinary or judge of the orphans court may deem just: and such further allowance out of the income, or, if need be, out of the corpus, of such estate as may be necessary to meet the expenses incurred or to be incurred in conducting such contest concerning the probate of such will.
"In order to entitle a widow to the benefit of this section she must have been ceremonially married to the decedent and shall have been living with him as his wife at the time of his death.
"The ordinary or the judge of the orphans court shall prescribe such rules to secure summary hearing and relief upon the petition mentioned in this section as may be deemed necessary."
This legislation has been in our statutes for a long time. We find it in the laws of 1895 as a supplement to the Orphans Court act (chapter 317, page 633). In that act the power to make the kind of order in question was placed in the Ordinary and the right to petition under the circumstances was limited to a widow or child — otherwise its scope was as stated above. In the Orphans Court act (Rev. of 1898, ch. 234 p. 715, at p. 720) these provisions are included as section 22 of that act. In 1905 the twenty-second section of the Orphans Court act was amended (chapter 156, page 302) and authority to entertain such applications was conferred on the judges of the several Orphans Courts and the scope of the statute thenceforth included grandchildren. It will be noted, however, that in all these enactments there is provision that the court "shall prescribe such rules to secure summary hearing and relief upon the petition * * * as may be necessary." In the record before us it does not appear that there has been any hearing on the petition as the statute, supra, from the very beginning seems to require.
This case came here on briefs and the appellants' brief states that there was no testimony taken to support the order. The brief of the respondent asserts that the Orphans Court judge "conducted a summary hearing to inquire into the *Page 595 
merits of the aforesaid petition," and that the court "made inquiry concerning the grounds of the contest," c. We find no testimony at all in the record. Most likely there was some colloquy between court and counsel but this is no legal substitute for the "summary hearing" on the matter of the petition that the statute requires. The proper practice was followed in the case of In re Braunstein (affirmed in this court, 115 N.J. Eq. 556). An inspection of the record in that case will show that a petition invoking this statute, supra, was filed; an answer made; an order to show cause allowed why the prayer of the petition should not be granted; a summary hearing had at which witnesses produced in support of the petition were examined in chief and subjected to cross-examination. In the order therein made it was recited that the court had considered the petition and the answer and had heard and considered the testimony and the objections and the arguments of the respective counsel and being satisfied that the petitioner had a reasonable cause for contesting the validity of the will, c., made the allowance authorized by the statute. In other words it was a summary hearing on the petition — not a determination based on the allegations of the petition alone.
A case in 20 N.J.L.J. 619 (1901), In re McPherson, is interesting and in point. Chancellor Magie, sitting as Ordinary, held that the statute, supra, must be read with the 197th section of the Orphans Court act (R.S. 3:2-51) which provides that the party contesting the will shall pay the costs and the expenses of the litigation if probate be granted unless it shall appear to the court that the contestant had reasonable cause for contesting the validity of the will or codicil or shall not have offered at the trial or hearing any evidence other than the subscribing witnesses to the will or codicil, and that if a petitioner under the statute (R.S. 3:2-29) is to have the relief that the statute affords the court must be convinced in advance of the contest that the contestant had such cause for contesting the validity of the will as the court could say upon the whole case, when concluded, was reasonable cause for contest. *Page 596 
The requirements of the statute manifestly were not met in the Orphans Court. The decree of the Prerogative Court affirming the Probate Court was error and must be reversed.
For affirmance — BODINE, DONGES, WELLS, JJ. 3.
For reversal — THE CHIEF-JUSTICE, PARKER, CASE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 12. *Page 597