J-A12027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYSHAWN RASHAD SHIELDS | : | |
| | : | |
| Appellant | : | No. 1690 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 13, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000553-2019

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 02, 2020**

Appellant, Tyshawn Rashad Shields, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his negotiated *nolo contendere* pleas to persons not to possess firearms and possession of drug paraphernalia.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On November 5, 2018, parole agents entered Appellant's residence to conduct a search, pursuant to a probation home agreement. The agents entered the residence using keys they retrieved from a vehicle owned by Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(32), respectively.

daughter's mother. During the search, the agents discovered contraband in Appellant's residence.

On March 19, 2019, the Commonwealth filed a criminal information charging Appellant with various offenses. Appellant filed a suppression motion on April 24, 2019. In his motion, Appellant argued the parole agents conducted an illegal search of his residence. On June 28, 2019, the court conducted a suppression hearing. The court denied Appellant's suppression motion on October 30, 2019.

On November 4, 2019, Appellant entered negotiated pleas of *nolo contendere* to persons not to possess firearms and possession of drug paraphernalia. In exchange for his pleas, the Commonwealth agreed to withdraw the remaining charges. On November 13, 2019, the court sentenced Appellant to an aggregate term of six (6) to eighteen (18) months' imprisonment, followed by one (1) year of probation.

Also on November 13, 2019, Appellant timely filed his notice of appeal and a voluntary Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel subsequently filed a petition to withdraw and an **Anders**[2] brief with this Court.

As a preliminary matter, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.

\* \* \*

> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel performed a thorough review of all available transcripts, pleadings, and other materials from Appellant's file, concluding the appeal is wholly frivolous. Counsel supplied Appellant with a copy of the brief. Counsel also provided Appellant with a letter explaining his right to retain new counsel to pursue the appeal or to proceed *pro se* to raise any points Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel provided a statement of facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and

*Santiago*.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND/OR AN ABUSE OF DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS?

(**Anders** Brief at 3).

On appeal, Appellant argues the parole agents conducted an illegal search of his residence. Appellant insists "no reliable grounds existed" to search the residence, and an exception to the warrant requirement was not present. Appellant concludes the trial court erred in failing to suppress all evidence obtained as a result of the search.

"At the outset, we note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa.Super. 2018) (internal quotation marks omitted). "Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]" **Commonwealth v. Prieto**, 206 A.3d 529, 533-34 (Pa.Super. 2019) (internal quotation marks omitted). Moreover, "[a]n issue that is waived is frivolous." **Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa.Super. 2016).

Instantly, Appellant's entry of the *nolo contendere* pleas resulted in the waiver of his claim regarding the denial of his suppression motion. **See Prieto, supra**. Because the claim is waived, we agree with counsel's determination that Appellant's lone issue on appeal is wholly frivolous. **See Tukhi, supra**. Further, our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2020