J-S33035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY PALMER | : | |
| | : | |
| Appellant | : | No. 1108 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0204941-2006

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 24, 2020**

Appellant, Gary Palmer, appeals from the November 19, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court resentenced appellant to an aggregate term of incarceration of 11 to 22 years, followed by 6 years' probation, on multiple convictions of robbery, theft, assault, drug offenses and firearms violations.  Appellant's attorney, J. Matthew Wolfe, Esq., has filed a petition to withdraw, alleging that the appeal is frivolous, and an ***Anders*** brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978

_____

[*] Former Justice specially assigned to the Superior Court.

A.2d 349 (Pa. 2009).[1]  After careful review, we grant counsel's petition to withdraw and affirm judgment of sentence.

The trial court set forth the following procedural history:

On May 29, 2007, at the conclusion of his jury trial before the Honorable Earl W. Trent, Defendant [hereinafter "Appellant"] was found guilty on numerous related charges of Robbery, Theft, Assault, Drug [offenses,] and Firearms violations.  On August 2, 2007, Judge Trent sentenced Appellant to an aggregate period of confinement of 11 to 22 years followed by 6 years' probation. Appellant did not file post sentence motions.

On August 31, 2007, Appellant timely filed a direct appeal to the Superior Court. . . .  By order dated May 14, 2008, Appellant's appeal was dismissed for "failure to file brief."  [Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act seeking reinstatement of his direct appeal rights.  On November 30, 2010, [the PCRA court] reinstated his direct appeal rights.  On May 12, 2010, Appellant timely filed a direct appeal to the Superior Court[, which affirmed judgment of sentence after finding Appellant had waived his claims.  Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, but his petition was denied on May 2, 2013].

On December 20, 2013, Appellant timely filed a *pro se* PCRA petition.  On July 1, 2014, J. Matthew Wolfe, Esq. was appointed counsel to represent Appellant for the purposes of his PCRA petition.  On February 3, 2016, the [PCRA court], after a hearing, entered an Order dismissing Appellant's PCRA petition as being without merit.

_____

[1] In **Commonwealth v. Palmer**, No. 1106 EDA 2019 (unpublished memorandum filed August 7, 2020), this panel denied counsel's petition to withdraw and remanded with instructions directing counsel to prepare a new **Anders** brief or advocate's brief demonstrating counsel's review of the notes of testimony from Appellant's November 19, 2018 sentencing hearing. Counsel, with his new filings, has followed our directive, thus enabling meaningful review of the present appeal.

- 2 -

On March 30, 2016, Appellant timely filed a direct appeal to the Superior Court of Pennsylvania, . . . which, on finding Appellant's mandatory minimum  sentence illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013), affirmed Appellant's judgment of sentence in part, and remanded the matter back for resentencing.

On November 19, 2018, the [trial court], after a hearing, [resentenced Appellant to a discretionary sentence of identical duration to the previous sentence, *i.e.*, 11 to 22 years, followed by 6 years' probation].  On November 22, 2018, Appellant filed a post sentence motion seeking reconsideration of his sentence, which the [trial court] denied, after a hearing, on March 19, 2019.

On April 17, 2019, Appellant timely filed the instant appeal to the Superior Court of Pennsylvania.  On May 14, 2019, [the trial court issued an order upon Appellant to file a Concise Statement pursuant to Pa.R.A.P. 1925(b)].  On May 30, 2016, Appellant filed his [counseled] "Statement Pursuant to 1925(c)(4)," in which he stated:

> "No errors are presented because after a review of the record, counsel has concluded that there are no non-frivolous issues to raise on appeal and at the present time intends to file a brief pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. McClendon*, 434 A.2d 11185 (1981) and would file a motion to withdraw from the case at the time of the filing of such a brief."

Trial Court Opinion, 8/22/19, at 1-3.

Counsel thereafter filed an *Anders* brief and petition to withdraw with this Court, and the trial court filed its Pa.R.A.P. 1925(a) opinion.  As noted *supra*, this Court initially denied counsel's petition and remanded with instructions for preparation of a new *Anders* brief or an advocate's brief.  Appellant has complied by filing a new *Anders* brief.

Preliminarily, we must address both the petition to withdraw alleging that the appeal is frivolous and the *Anders* brief filed by Attorney Wolfe.

A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

> These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>
>> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>
>> ***Anders*** counsel must also provide a copy of the ***Anders*** brief and petition to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise additional points worthy of the Court's attention.
>
> ***Woods***, 939 A.2d at 898 (citations omitted).
>
> There are also requirements as to the precise content of an ***Anders*** brief:
>
>> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law,

and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id*.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

With respect to briefing requirements, "[n]either *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Santiago*, 978 A.2d at 359, 360. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5.

Here, Attorney Wolfe has met all of the above requirements. He petitioned the court for leave to withdraw and stated that after making a conscientious examination of the record he has determined the appeal to be frivolous. In his *Anders* brief, he sets forth a procedural history of the case and, thereafter, refers to the issue presented in Appellant's post-sentence motion, which challenged Appellant's new sentence as manifestly excessive.

In so doing, counsel "set forth [his] conclusion that the appeal is frivolous," and stated his reasons for so concluding, pursuant to **Santiago**.

Further, counsel "articulate[d] the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id**. Finally, counsel furnished a copy of this brief to Appellant, advising him that he had a right to retain new counsel or continue *pro se*.

As counsel has met all procedural requirements, we will now review the issue identified in the **Anders** brief to determine if it is frivolous. Specifically, the issue contained in the **Anders** brief asserts that the sentence imposed is manifestly excessive and reflects the trial court's abuse of sentencing discretion. "An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]" **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). We therefore look to determine whether: (1) the appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) the appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **See id**.

In this case, Appellant has: (1) timely filed a notice of appeal, (2) preserved the instant issue in a post-sentence motion, and (3) filed a brief

without a fatal defect.[2] We turn, then, to the next requirement: whether Appellant raised a substantial question meriting our discretionary review.

In reviewing whether an issue raises a substantial question, this Court has recognized:

> [t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks and some citations omitted).

The record of Appellant's November 19, 2018 sentencing hearing demonstrates it was the objective of the sentencing court, the Commonwealth, and defense counsel to ensure that Appellant's new sentence would entail no further period of incarceration but would keep him under supervision on parole, to be followed by a six year period of probation.

After careful examination of the sentencing guidelines applicable to Appellant's case, the court determined that even without consideration of the

---

[2] Counsel did not provide a Pa.R.A.P. 2119(f) statement in his ***Anders*** brief. In cases where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). Accordingly, we do not consider this defect as precluding review of whether Appellant's issue is frivolous. Additionally, we note the Commonwealth did not object to this defect. ***See Commonwealth v. Stewart***, 867 A.2d 589, 592 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object).

invalidated mandatory minimum sentencing statute, the terms of the original sentence fell within the low-end of the standard guideline range. The court, therefore, imposed a new sentence identical to the terms of the original sentence, deeming it appropriate under the totality of circumstances.

In the court's Pa.R.A.P. 1925(a) opinion, it observes the decision was made at sentencing that such a sentence would best promote the goals of rehabilitating Appellant through his current period of parole and subsequent probation. The court also notes it contemplated the possibility that Appellant could be returned to custody during the initial administrative processing of Appellant's new sentence and, thus, instructed counsel to seek the court's immediate assistance should this occur:

> On considering argument of counsel, the court concluded that Appellant's original sentence was clearly within the guidelines and appropriate under the circumstances. It was also clear to the court that Appellant had started a new job and was a good candidate for rehabilitation. N.T., 11/19/18, at 7, 8.

> The court and the Commonwealth's primary objective, at this point, was for Appellant to remain under supervision. N.T. at 10, 11. Neither party expressed an objection to reimposing Appellant's original sentence, but were concerned with the potential consequences that, in processing the new sentence, he would return to custody [at least for the time needed for administrative processing of his new sentence]. The court shared this concern in stating, "I don't want him to go back to Camp Hill either…." N.T. at 10. In order to resolve this issue, on reimposing sentence, the court ordered that Appellant be released on immediate parole, instructing counsel, "Well, if they make noise and say they're going to put him back in Camp Hill, you file something with the court, a temporary restraining order, or something with the court, to prevent them from doing it, and then we will make the parole board come in and explain why, or the parole officer, or somebody, to explain why he has to go back in,

in order to get back out, when there's no question that he completed his minimum and was paroled, right?

Trial Court Opinion, 8/22/19, at 3-4.

Therefore, after examining the issue contained in the *Anders* brief, we agree with counsel's assessment that Appellant's challenge to his standard guideline range sentence is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018). Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2020